UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
TONY HOLLEY,                                         Case No. 21 CV 4682
                           Plaintiff,                (RPK) (RLM)

            -against-                                **AMENDED COMPLAINT**

THE CITY OF NEW YORK, DETECTIVE JOHN                 JURY DEMAND
GRIDLEY [TAX REG. #932746], DETECTIVE
JOSEPH PETRELLI [TAX REG. #922965],
SERGEANT JONATHAN VILLEGAS [TAX
REG. #946372], SERGEANT ABRAHAM CRUZ
[TAX REG. #926414], SERGEANT PETER
SEGERDAHL [TAX REG. #926414], P.O.
THOMAS MCARDLE [TAX REG. #962595],
DETECTIVE JOHN MARTIN [TAX REG.
#904458], and JOHN DOE AND JANE DOE (the
names John and Jane Doe being fictitious, as the
true names are presently unknown),
                           Defendants.
------------------------------------------------------------------------X

Plaintiff, TONY HOLLEY, by his attorney, The Law Offices of UGO UZOH, P.C.,
complaining of the defendants herein, The City of New York, Detective John Gridley
[Tax Reg. #932746], Detective Joseph Petrelli [Tax Reg. #922965], Sergeant Jonathan
Villegas [Tax Reg. #946372], Sergeant Abraham Cruz [Tax Reg. #926414], Sergeant
Peter Segerdahl [Tax Reg. #926414], P.O. Thomas McArdle [Tax Reg. #962595],
Detective John Martin [Tax Reg. #904458], and John Doe and Jane Doe (collectively,
"Defendants"), respectfully alleges as follows:

NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to the
          plaintiff under color of statute, ordinance, regulation, custom, and/or to
          redress the deprivation of rights, privileges, and immunities secured to the
          plaintiff by the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the
          Constitution of the United States, and by Title 42 U.S.C. § 1983, and arising
          under the law and statutes of the City and State of New York.

## JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. § 1343, 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

3.      As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## COMPLIANCE WITH N.Y. GEN. MUN. LAW REQUIREMENTS

4.      Plaintiff timely made and served a notice of claim upon the defendants in compliance with N.Y. Gen. Mun. Law § 50-e.

5.      At least thirty days have elapsed since the service of aforesaid notice of claim and adjustment or payment thereof has been neglected or refused, and this action is timely commenced.

## THE PARTIES

6.      Plaintiff is and was at all times material herein a resident of the United States and the State of New York.

7.      Defendant City of New York ("City") is a municipal corporation duly organized and existing under the laws of the State of New York.

8.      The City of New York Police Department ("NYPD") is an agency of defendant City, and all officers referred to herein were at all times relevant to this complaint employees and agents of defendant City.

9.      Defendant Detective John Gridley [Tax Reg. #932746] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

10.     Defendant Detective Joseph Petrelli [Tax Reg. #922965] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

11.     Defendant Sergeant Jonathan Villegas [Tax Reg. #946372] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

12.     Defendant Sergeant Abraham Cruz [Tax Reg. #926414], was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

13.     Defendant Sergeant Peter Segerdahl [Tax Reg. #926414] was at all times material herein a sergeant employed by the NYPD. He is named here in his official and individual capacities.

14.     Defendant P.O. Thomas McArdle [Tax Reg. #962595] was at all times material herein a police officer employed by the NYPD. He is named here in his official and individual capacities.

15.     Defendant Detective John Martin [Tax Reg. #904458] was at all times material herein a detective employed by the NYPD. He is named here in his official and individual capacities.

16.     Defendants John Doe and Jane Doe were at all times material herein individuals and/or officers employed by the NYPD. They are named here in their official and individual capacities.

17.     Defendants Gridley, Petrelli, Villegas, Cruz, Segerdahl, McArdle, Martin, and John Doe and Jane Doe are collectively referred to herein as "defendant officers".

18.     At all times material to this Complaint, the defendant officers acted towards plaintiff under color of the statutes, ordinances, customs, and usage of the State and City of New York.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

19.     On or about February 24, 2019, at approximately 10:30 a.m., defendant officers, acting in concert, arrested plaintiff without cause at the NYPD-106th Precinct which is located at 103-53 101st Street, Ozone Park, New York, and charged plaintiff with N.Y. PL 195.05 'Obstructing governmental administration in the second degree' and N.Y. PL 205.30 'Resisting arrest'.

20.     Plaintiff, however, did not commit any offense against the laws of New York City and/or State for which any arrest may be lawfully made.

21.     Defendant officers had previously performed a BOLO traffic stop of the plaintiff on or about January 22, 2019, and had seized several of his properties at the time.

22.     Defendant officers subsequently contacted the plaintiff and informed him that some of his properties were available for pick up.

23.     Eventually, defendant officers arranged for the plaintiff to pick up his aforesaid properties on February 24, 2019, at approximately 10:30 a.m.

24.     On February 24, 2019, at approximately 10:30 a.m., the plaintiff appeared at the precinct to pick up his properties as agreed.

25.     Instead of releasing his properties to him, defendant officers arrested the plaintiff and interrogated him asking him questions about other people and incidents.

26.     Plaintiff duly informed defendant officers that he was at the precinct to pick up his properties as agreed.

27.     Defendant officers in response assaulted the plaintiff forcibly grabbing, punching, pushing, pulling, kicking, and shoving him.

28.     Upon information and belief, the assault was captured on camera.

29.     Plaintiff sustained serious injuries from the assault, and was transported to the hospital where he was seen and/or treated for his injuries.

30.     Defendant officers further subjected the plaintiff to an illegal and unlawful search.

31.     Defendant officers did not recover any contraband from their unlawful search of the plaintiff.

32.     Nonetheless, defendant officers continued to detain the plaintiff at the precinct.

33.     After detaining the plaintiff at the precinct for a lengthy period of time, plaintiff was transported to Central Booking to await arraignment.

34.     At some point following his arrest, defendant officers met with prosecutors employed by the Queens County District Attorney's Office.

35.     During this meeting, defendant officers falsely stated to the prosecutors, among   other   things,   that   the   plaintiff   committed   the   charged

crime/offense(s), and later forwarded to the prosecutors their falsified police records and reports.

36. Relying upon the police records, reports and statements, the prosecutors initiated criminal actions against the plaintiff.

37. On or about February 24, 2019, the plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with N.Y. PL 195.05 'Obstructing governmental administration in the second degree' and N.Y. PL 205.30 'Resisting arrest'.

38. Plaintiff was eventually released on his own recognizance but was required to return to the criminal court to defend the false charges levied against him.

39. Plaintiff subsequently appeared before the criminal court on multiple occasions to defend the false charges levied against him.

40. On or about September 5, 2019, the court concluding that there was no probable cause to arrest and/or prosecute the plaintiff summarily dismissed the false charges levied against the plaintiff.

41. Each and every officer who responded to and/or was present at the location of the arrest(s) and at the precinct and/or station house knew and was fully aware that the plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

42. Nonetheless, defendants did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to protect and ensure the safety of the plaintiff.

43. As a result of the aforesaid actions by defendants, plaintiff suffered and continues to suffer emotional distress, fear, embarrassment, humiliation, shock, discomfort, loss of liberty, wages and financial losses, pain and damage, and damage to reputation.

FIRST CAUSE OF ACTION: FALSE ARREST - against defendant officers

44. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 43 of this complaint as though fully set forth herein.

45.     Defendant officers arrested the plaintiff without probable cause or reasonable grounds.

46.     The conduct of defendant officers, as described herein, amounted to false arrest.

47.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

48.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SECOND CAUSE OF ACTION: MALICIOUS PROSECUTION - against defendant officers

49.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 48 of this complaint as though fully set forth herein.

50.     Defendant officers forwarded to the prosecutors their falsified records and statements.

51.     Relying upon the records and statements, the prosecutors initiated criminal actions against the plaintiff.

52.     Plaintiff was arraigned on a criminal court complaint sworn to by defendant officers falsely charging the plaintiff with crime(s).

53.     Plaintiff was required to, and did, appear in court to defend himself from the false charge(s) levied against him with malice by defendants.

54.     Because of the conduct of the defendants, plaintiff was maliciously prosecuted.

55.     Eventually, the criminal proceedings terminated in plaintiff's favor.

56.     The conduct of defendant officers, as described herein, amounted to malicious prosecution.

57.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

58.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRD CAUSE OF ACTION: FABRICATION OF EVIDENCE AND DENIAL OF RIGHT TO A FAIR TRIAL - against defendant officers

59.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 58 of this complaint as though fully set forth herein.

60.      Defendant officers manufactured evidence of criminality against the plaintiff likely to influence a jury's decision which the prosecutors relied upon to initiate criminal actions against the plaintiff.

61.      The plaintiff was deprived of his liberty as a result.

62.      The conduct of defendant officers, as described herein, amounted to fabrication of evidence and denial of right to a fair trial.

63.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

64.      Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTH CAUSE OF ACTION: UNLAWFUL STOP AND FRISK AND UNREASONABLE SEARCH & SEIZURE - against defendant officers

65.      By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66.      Defendant officers unlawfully stopped and subjected the plaintiff to an illegal search of his person and property.

67.      The conduct of defendant officers, as described herein, amounted to unlawful stop and frisk and unreasonable searches and seizures.

68.      Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

69.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTH CAUSE OF ACTION: EXCESSIVE USE OF FORCE - against defendant officers

70.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 69 of this complaint as though fully set forth herein.

71.     The conduct of defendant officers, as described herein, amounted to excessive use of force.

72.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

73.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SIXTH CAUSE OF ACTION: FIRST AMENDMENT RETALIATION - against defendant officers

74.     By this reference, plaintiffs incorporate each and every allegation and averment set forth in paragraphs 1 through 73 of this complaint as though fully set forth herein.

75.     Defendant officers arrested the plaintiff in retaliation for exercising his right to be let alone and refuse to respond to police inquiry.

76.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

77.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

SEVENTH CAUSE OF ACTION: FAILURE TO INTERVENE - against defendant officers

78.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 77 of this complaint as though fully set forth herein.

79.     That each and every officer and/or individual who responded to, had any involvement and/or was present at the location of the arrest, assault and/or incident described herein knew and was fully aware that plaintiff did not commit any crime or offense, and had a realistic opportunity to intervene to prevent the harm detailed above from occurring.

80.     Nonetheless, defendant officers did absolutely nothing to discourage and prevent the harm detailed above from occurring and failed to intervene.

81.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

82.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

EIGHTH CAUSE OF ACTION: CONSPIRACY - against defendant officers

83.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 82 of this complaint as though fully set forth herein.

84.     In an effort to find fault to use against the plaintiff who is an African American, defendant officers met with themselves and with several other individuals on numerous occasions (including, but not limited to, the February 24, 2019 date of arrest) and agreed to deprive plaintiff of his constitutional rights secured by 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

85.     Such conduct described herein violated plaintiff's rights under 42 U.S.C. § 1983 and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

86.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of defendant officers, individually and severally.

NINTH     CAUSE     OF     ACTION:     FAILURE     TO TRAIN/SUPERVISE/DISCIPLINE/SCREEN AND MUNICIPAL POLICY - against defendant City

87.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 86 of this complaint as though fully set forth herein.

88.     Defendant City of New York, acting through the NYPD, had actual and/or de facto policies, practices, customs and/or usages of failing to properly train, supervise or discipline its police officers concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest. In addition, defendant City had actual and/or de facto policies, practices, customs and/or usages of failing to properly screen its prospective police officers for mental fitness, history of misconduct, good moral character and propensity for violence.

89.     Defendant City of New York, acting through aforesaid NYPD, had actual and/or de facto policies, practices, customs and/or usages of wrongfully arresting, illegally stopping, frisking, searching, seizing, abusing, humiliating, degrading and/or maliciously prosecuting individuals who are members of racial/ethnic minority groups such as plaintiff on the pretext that they were involved in robbery, narcotics, drugs, guns and/or other crimes.

90.     Further, the existence of the aforesaid unconstitutional policies, practices, customs and/or usages may be inferred from repeated occurrences of similar wrongful conduct.

91.    For example, in *Floyd v. City of New York*, 813 F. Supp. 2d 417, 422 (S.D.N.Y. 2011), this Court observed that the City had been accused of racial profiling on multiple occasions and that it had settled at least one of the lawsuits brought against it concerning racial profiling.

92.    In *Ligon v. City of New York*, 925 F. Supp. 2d 478, 485-86 (S.D.N.Y. 2013), the Court observed that the City of New York, acting through the NYPD, engages in unlawful stop and frisk. *See also Davis v. City of New York*, 959 F. Supp. 2d 324 (S.D.N.Y. 2013) (same).

93.    Defendant City has settled numerous lawsuits in this district against several police officers assigned to the NYPD alleging, among other things, that the police officers falsely arrested the plaintiffs without probable cause. *See, e.g., Trevonne King v. City of New York* (19 CV 3361); *Shaheim Rogers v. City of New York* (19 CV 3360); *Mondaray Whitaker v. City of New York* (18 CV 6897); *Warren Monk v. City of New York* (18 CV 6458); *Sianna Stewart v. City of New York*  (18 CV 4841); *Justin Baker v. City of New York* (17 CV 4493); *Tony Holley v. City of New York* (17 CV 278); *Eric Davis v. City of New York* (16 CV 385); *Jimmy Wilson v. City of New York* (15 CV 6326); *Donnell Jackson v. City of New York* (15 CV 4109); *Crystal Whitfield v. City of New York* (14 CV 6085).

94.    Despite the numerous complaints of civil rights violations described hereinabove, there has been no meaningful attempt on the part of defendant City to forestall further incidents and/or even to investigate claims that police officers routinely arrest innocent citizens without probable cause.

95.    As a result of defendant City's failure to properly train, supervise or discipline its police officers, defendant officers unlawfully arrested the plaintiff.

96.    Defendant City of New York maintained the above described policies, practices, customs or usages knowing fully well that the policies, practices, customs or usages lead to improper conduct by its police officers and employees. In failing to take any corrective actions, defendant City of New

11

York acted with deliberate indifference, and its failure was a direct and proximate cause of plaintiff's injuries as described herein.

97.     The actions of defendants, acting under color of State law, deprived plaintiff of his due process rights, and rights, remedies, privileges, and immunities under the laws and Constitution of the United States, treatise, ordinances, customary international law and norms, custom and usage of a right; in particular, the right to be secure in his person and property, to be free from abuse of process, the excessive use of force and the right to due process.

98.     By these actions, defendants have deprived plaintiff of rights secured by treatise, ordinances, customary international law and norms, custom and usage of a right, and the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983.

TENTH CAUSE OF ACTION: NEW YORK STATE CONSTITUTION, ARTICLE I, §§ 5, 6, 8, 11 & 12 - against defendants

99.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 98 of this complaint as though fully set forth herein.

100.    By reason of the foregoing, and by arresting, detaining and imprisoning plaintiff without probable cause or reasonable suspicion, and harassing and assaulting him and depriving him of due process and equal protection of laws, defendants deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article I, § 5 (prohibiting cruel and unusual punishments), Article 1, § 6 (providing for due process), Article 1, § 8 (guaranteeing freedom of speech), Article 1, § 11 (prohibiting discrimination in civil rights and providing for equal protection of laws) & Article I, § 12 (prohibiting unreasonable searches & seizures) of the New York Constitution.

101.    In addition, the individual officers conspired among themselves and conspired with other individuals to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution,

12

and took numerous overt steps in furtherance of such conspiracy, as set forth above.

102. The individual officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employments as officers, agents, or employees. The individual officers' acts were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers. The individual officers acted willfully, knowingly, and with the specific intent to deprive plaintiff of his constitutional rights secured by Article I, §§ 5, 6, 8, 11 & 12 of the New York Constitution.

103. Defendants, their officers, agents, servants, and employees were responsible for the deprivation of plaintiff's state constitutional rights.

ELEVENTH CAUSE OF ACTION: TORTS (FALSE ARREST/IMPRISONMENT) - against defendants

104. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 103 of this complaint as though fully set forth herein.

105. The conduct of the defendants, as described herein, amounted to false arrest/imprisonment.

106. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

TWELFTH CAUSE OF ACTION: TORTS (MALICIOUS PROSECUTION) - against defendants

107. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 106 of this complaint as though fully set forth herein.

108. The conduct of defendant officers, as described herein, amounted to malicious prosecution.

109. Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

THIRTEENTH CAUSE OF ACTION: TORTS (ASSAULT AND BATTERY) - against defendants

110.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 109 of this complaint as though fully set forth herein.

111.     By reason of and as a consequence of the conduct of defendant officers, plaintiff sustained bodily injuries with the accompanying pain.

112.     The conduct of the defendants, as described herein, amounted to assault and battery.

113.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FOURTEENTH CAUSE OF ACTION: TORTS (NEGLIGENT AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS) - against defendants

114.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 113 of this complaint as though fully set forth herein.

115.     The defendants engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

116.     Plaintiff's emotional distress has damaged his personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious actions including the arrest, assault, detention and imprisonment by defendants.

117.     Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

FIFTEENTH CAUSE OF ACTION: NEGLIGENT HIRING AND RETENTION OF EMPLOYMENT SERVICES - against defendant City

118.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 117 of this complaint as though fully set forth herein.

119.     Upon information and belief, defendant City failed to properly train, supervise or discipline its agents, servants, employees, officers and/or

14

representatives, including the defendant officers, concerning correct practices in conducting investigations, the proper identification procedures, the proper use of force, obligation not to promote or condone perjury and/or assist in the prosecution of innocent persons and obligation to effect an arrest only when probable cause exists for such arrest.

120.    Upon information and belief, defendant City failed to properly screen, hire and/or retain the defendant officers.

121.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

122.    Upon information and belief, defendant City, through its various agencies and departments including the defendants in this action, owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from such conduct described herein.

123.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that defendant officers were not prudent and were potentially dangerous.

124.    Upon information and belief, defendant City's negligence in screening, hiring and retaining defendant officers proximately caused plaintiff's injuries.

WHEREFORE, plaintiff respectfully prays judgment as follows:

    a.    For compensatory damages against all defendants in an amount to be proven at trial;

    b.    For exemplary and punitive damages against all defendants in an amount to be proven at trial;

    c.    For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

    d.    For such other and further relief as the court deems proper.

DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a

trial by jury.

Dated: Brooklyn, New York
        April 1, 2022

                          UGO UZOH, P.C.


            *Ugochukwu Uzoh*

By:     Ugochukwu Uzoh
         Attorney for the Plaintiff
         56 Willoughby Street, Third Floor
         Brooklyn, N.Y. 11201
         Tel. No: (718) 874-6045
         Fax No: (718) 576-2685
         Email: u.ugochukwu@yahoo.com